IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| RUDY OLIVARES, <br> TDCJ-CID No. 01483336, <br><br> Plaintiff, <br><br> v. <br><br> J. HEFNER *et al.*, <br><br> Defendants. | § § § § § § § § § § § | 2:18-CV-198-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants(ECF No. 3) ("Complaint"), filed October 17, 2018. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

On July 19, 2018, Plaintiff alleges he was leaving the chow hall when Defendants began sexually harassing him through verbal abuse. ECF No. 3 at 4. Plaintiff claims he was called "a big lower private part of a woman's [body]" as he passed Defendants. *Id.* at 6. Plaintiff alleges this placed him in danger of an assault from either officers or other inmates. *Id.*

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

A claim of verbal abuse and harassment is simply not cognizable in a federal civil rights action. *See Jane Doe 5 v. City of Haltom City*, 106 F. App'sx. 906, 908 (5th Cir. 2004) ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights."); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983."); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

2

under § 1983."). A claim of injury solely to reputation is insufficient to establish liability under § 1983. *See, e.g., Paul v. David*, 424 U.S. 693, 711–12 (1976) (concluding that damage to reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protections under § 1983); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (same); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (finding that injury to reputation as a result of libel or slander in a false prison report does not give rise to § 1983 liability); *West v. Scott*, No. 2:15-CV-0224, 2015 WL 6460046, *5 (N.D. Tex. Oct. 23, 2015) (same).

Plaintiff's claim that Defendants used derogatory sexual phrases to taunt and threaten him does not state a constitutional claim and is without arguable basis in law. Thus, the Court **DISMISSES** Plaintiff's claim **WITH PREJUDICE**.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED.**

February 16, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3